Hitchcock, J.
The complaint which was the foundation of the proceedings in this case, was based upon an ordinance of the city of Cincinnati, “for.the prevention of certain immoral practices.” The first section of this ordinance is as follows:
“ Be it and it is hereby ordained, by the City Council of ‘ Cincinnati, that any person of the age of fourteen, years or * upwards, who shall be found, on the first day of the week, * commonly called Sunday, sporting, rioting, quarreling, hunt- ‘ ing, fishing, shooting, trading, bartering or selling, or buying ‘ any goods, wares or merchandise, or at any common labor, 1 works of necessity and charity excepted, shall be fined in any * sum not exceeding twenty dollars.”
In the second section is found a proviso, as follows:
“ Provided, nothing contained in the first section of this or- ‘ dinance, in relation to common labor, shall be construed to *240 £ extend to those who conscientiously do observe the seventh £ day of the week as the Sabbath.”
It may, for present purposes, be admitted, that the city council, under the general proviso delegated in the city charter, had power to pass this ordinance, provided the same does not contravene the constitution or some positive legislation of the State. But it is insisted by defendant’s counsel, that, by a proper construction of the ordinance, a man whose ordinary business is to sell and buy goods, wares or merchandise, and who transacts such business on the first day of the week, is within the proviso, if he conscientiously observes the seventh day as a Sabbath. That, in thus transacting his ordinary business; he is but in the performance of ££ common labor.” It is further argued, that unless such be the proper construction, the ordinance does, in fact, contravene a positive law of the State.
The words of the ordinance are, ££ trading, selling or buying any goods, wares or merchandise, or at any common labor,” provided, that the prohibition “ in relation, to common labor, shall not be construed to extend,” &c. Taking the phraseology of the first section, together with .the .proviso, it might, perhaps, be concluded, that it was intended to make a distinction between ££ trading, buying or selling,” and ordinary or ££ common labor.” And, in construing the bylaws or ordinances of a corporation, or in construing a statute, it is generally safe to adopt the most obvious meaning of the law to be construed. But if such construction will defeat the operation of sorpe other existing statute, such other construction should be adopted, if it can be done without doing violence to the language, that both may have effect.
In the first section of the ££ act for the prevention of immoral practices,” it is enacted, “ that if any person of the age of £ fourteen years, or upwards, shall be found on the first day of £ the week, commonly called Sunday, sporting, rioting, quarrel- £ ing, hunting, fishing, shooting or at common labor, works of £ necessity or charity only excepted, he or she shall be fined in £ a sum not exceeding five dollars, nor less than one dollar: *241 { provided, nothing herein contained shall- be construed to ex- ‘ tend to those who conscientiously do observe the seventh day ‘ of the week as the Sabbath,” &c.; Swan’s Stat. 255. It will be seen, that the city ordinance, before referred to, is upon the same subject matter with this section of the statute, and it is an exact transcript of the same, with the interpolation of the words “ trading, bartering or selling, or buying any goods, wares or merchandise,” previous to the words “ or at common labor.” , -
Now, how is this general law of the State usually understood and construed ? Does it admit or license “ trading, bartering or selling, or buying any goods, wares or merchandise,” on the first day of the week, while ordinary labor is prohibited ? Can the merchant keep open his store, and vend his goods on this day, while the farmer is compelled to abandon his ordinary occupation ? Such has never been understood to be the meaning of the law. But, if trading or merchandising is prohibited on this day, it is only because the transaction of this description of business is considered to be within the meaning of the terms “ common labor.”
It seems to be admitted by counsel for the plaintiff in error, that, in giving a construction of the general law of the State, and in carrying that law into effect, “ trading, bartering or selling, or buying goods, wares and merchandise,” must be held to be common labor; and such is, undoubtedly, the proper construction of the statute. -But it is claimed that, when the same words are used in an ordinance of the city of Cincinnati, they should be held to have a different meaning. There may be force in this reasoning, but it seems to me, if adopted,' it will lead us into difficulty.
Here we have a general law of the State, in which it is admitted that the phrase K common labor/’ includes within its meaning, “ trading, bartering or selling, buying,” &c. We then have a city ordinance, in which these identical words are used, and we are called upon to say, that they are-not included in the term “ common labor,” because, in connection with them, *242 these latter words are introduced. It seems to me that it will n°t do; that although, by giving the construction to this ordinance contended for by plaintiff’s counsel,’we may shut up the shops of the Jewish merchants in Cincinnati, on the first day of the week, we shall open the shop-doors of the whole mercantile community, in every other part of the State.
Besides, by giving the ordinance the construction which seems to me to. be the proper one, that ordinance is rendered perfectly unobjectionable, as there can be no pretence that it is contrary to a statute law of .the State.
The judgment of the Court of Common Pleas is affirmed, with costs.