## WEBSTER *v.* PARKER.

A failure or want of consideration, in whole or in part, may, under the R. S. 1852, be pleaded to any action, set-off, or counter-claim.

Action under the code of 1852, by the assignee against the maker of a promissory note. Answer, 1. Admitting the execution of the note, the assignment, and that it was unpaid, the defendant alleged that, as to, &c., part, &c., the note was given without consideration, and was void. 2. That as to, &c., part, &c., the note was procured by fraud, &c. 3. As to the like sum, that it was in fact paid before the execution of the note. *Held*, that the first paragraph was sufficient on demurrer, but that the second and third were not.

APPEAL from the *Decatur* Court of Common Pleas.

STUART, J.—*Parker* sued *Webster* and others on a promissory note. *Webster* alone defended. Jury trial, verdict and judgment for the plaintiff below. *Webster* appeals.

The defence, consisting of four paragraphs, each going to part of the note, is—

1. Admitting the execution of the note, its assignment to the plaintiff and that it was unpaid, *Webster* pleads as to 225 dollars, part, &c., that it was given without consideration, and is void.

2. That as to 225 dollars, part, &c., the note was procured by fraud, &c.

3. The third paragraph is the same as the second, setting out the particulars of the fraud in procuring it.

4. As to the like sum, that it was in fact paid before the execution of the note, &c.

Demurrer to the first, second, third and fourth paragraphs respectively, because they do not state facts sufficient to constitute a defence.

The demurrers to the first, second and fourth paragraphs were sustained, and overruled as to the third, on which an issue of fact was subsequently joined.

Two questions are argued, viz.: 1. Whether, under the new practice, a partial want or failure of consideration can be set up. 2. How far, under that practice, general pleading is admissible.

Section 81, of the code, reads—"A failure or want of consideration, in whole or in part, may be pleaded to any action, set-off, or counter-claim," &c. 2 R. S., p. 44. In this respect the old and new practice substantially correspond. R. S. 1843, p. 710.—R. S. 1831, p. 405.

How far does the new practice authorize general pleading? Section 66 provides that "all defences, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." 2 R. S., p. 42.

So far as there was no consideration, it has been well observed, there was nothing to make averments about. The first plea was a specific denial of consideration alone, and operated as an admission of every other fact not controverted. It was therefore sufficient on demurrer.

It is otherwise with the second and fourth paragraphs. If the note was procured, as to the whole or a part of the consideration, by fraud, the facts constituting the fraud should have been set out. So in relation to the payment before the note was executed, as alleged in the fourth paragraph. There are other facts necessarily implied, either of ignorance, mistake, negligence or fraud. Such an extraordinary occurrence as the payment of a note before it was executed, could not well be isolated. These are general and not special pleas, in that they do not set out the facts thus implied. Hence, the demurrers were properly sustained.

As the evidence is not in the record, the other questions argued do not arise.

For the error of the Court in sustaining the demurrer to the first plea, the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

J. S. *Scobey* and W. *Cumback*, for the appellant.

J. *Gavin* and J. R. *Coverdill*, for the appellee.