Okey, J.
Three questions are presented : 1. Can assessments be made and enforced on subscriptions for shares of the capital stock of a railroad corporation before the whole amount of stock, mentioned in the certificate of incorporation, has been subscribed ? In the absence of both legislation and express agreement on the subject, they can not. Salem Mill Dam Corp. v. Ropes, 6 Pick. 23; Hughes v. Antietam, etc., Man. Co., 34 Maryland, 316; Peoria, etc., R. Co. v. Preston, 35 Iowa, 115 ; Thompson’s Liability of Stock., § 120 ; Eield on Corp., § 80. In most states, however, provision has been made by statute; and it is well settled that “ contracts must be expounded according to the laws in forcé at the time they are made, and the parties are as much bound by a provision contained in a law as if that provision had been inserted in and formed part of the contract.” Smith v. Parsons, 1 Ohio, 236-242; Mansfield, etc., R. Co. v. Brown, 26 Ohio St. 223 ; Hoagland v. Cincinnati, etc., R. Co., 18 Ind. 452; 46 Ind. 31. The statutory provisions on this subject differ very widely, as will appear in the cases cited; and, where that is the fact, the decisions made in one state, though proper to be considered, may be a very unsafe guide in another. The office of the court in this case is, indeed, simply to ascertain the intention of the legislature. Boston, etc., R. Co. v. Wellington, 113 Mass. 79; Hunt v. Kansus & M. Bridge Co., 11 Kansas, 412 ; Wellamette Freight Co. v. Stannus, 4 Oregon, 261.
A careful consideration of the enactments set forth in the statement of this case, and other cognate statutory provisions, leaves with us no doubt that when ten per cent, of *608 the capital stock has been subscribed, the company may organize by the election of directors, who may “transact •all business of the corporationand, looking to the duties imposed on the directors, it is clear that the residue of the stock, beyond the ten per cent, to be paid at the time of making subscription, must “ be paid in such installments, and at such times and places, and to such persons as may be required by the directors of such company,” though the whole amount of the capital stock may not have been subscribed. And this conclusion is strengthened by Chamberlain v. Painesville, etc., R. Co., Ashtabula, etc., R. Co. v. Smith, 15 Ohio St. 225, 328 ; Emmet v. Springfield, etc., R. Co., 31 Ohio St. 23 ; Clarke v. Thomas, ante, 46.
The terms of the subscription on which this suit was brought are in harmony with the statutory provisions, as we have construed them ; and hence the fact that the whole of the capital stock had not been taken afforded no answer to this action.
2. Was the company, in changing the southern terminus of its road from Harrison county into the adjoining county of Belmont, authorized to adopt a route passing through a portion of Jefferson county, which adjoins. Harrison and Belmont? The authority conferred by the act is “ to extend either of the termini of the line of their raiffoad to and into any county of this state adjoining the one in which either of their termini may be.” (69 Ohio L. 163.) There is no limitation as to the point in the adjoining county where the new terminus may be fixed, nor does the statute, in terms, confine the new route to the two counties. The object in limiting the new terminus to the adjoining county was, doubtless, not to prescribe the route by which the new terminus might be reached, but to prevent such change in the l’oad as would make it, substantially, a new enterprise. Where authority is given to do a specified thing, but the precise mode of performing it is not prescribed, the presumption is that the legislature intended the party might perform it in a reasonable manner. If the deviation into Jefferson county had been made with any other object than *609 to adopt the cheapest and most practicable route, a different question would be presented, but such is not the fact..
While statutes of this character are not viewed with the-liberality we extend to some enactments purely remedial,, the rule applicable to penal enactments should not be applied to them. Applying the just and reasonable construction this act should receive, we find within it authority to-the company to adopt the route in question ; and such change could not affect subsei’iptions made subsequent to-the passage of the statute.
3. Do the alterations made in the subscription book afford any defense ? The general rule ought to be, and is,, that a subscription to the capital stock of a railroad corporation, obtained by fraud, can not be enforced; and the rule prohibiting parol evidence to vary the terms of a writing, has no-application where a subscriber offers such a defense. Eield on Corp., § 90. But “ a secret agreement entered into between the directors of such corporation and a subscriber for' shares in its capital stock, that he may within a specified time reduce the number of shares thus subscribed for, the-subscription being held out as bona fide for the full amount,, in order to induce others to become subscribers, is void, as-a fraud upon the other subscribers; and the original subscription may be enforced for its full amount between the corporation and subscriber.” White Mts. R. Co. v. Eastman, 34 N. H. 124. Here not only was there no arrangement for a fictitious subscription, but it is fair to say that Huntington and Gabriel & Son each expected, at the time they subscribed, and at the time the other persons subscribed the-same contract, to pay for one hundred shares. The subsequent alterations were unknown to the other subscribers,, who had taken shares in the full belief that the subscription of Huntington and Gabriel were genuine. The fact- that the alterations were explained to Payne, a director, is of no importance; for to give effect to them, even if Payne had expressly assented, would, under the circumstances, be a fraud on the other stockholders; and holding, as we do,. *610 that the alterations were mere nullities, it follows they .afforded no defense to Jewett.
Other matters were presented for our consideration; but this disposes of all questions to which it is necessary specially to refer’.

Judgment affirmed.