Filed April 18, 1884.

---

No. 10,011.

MOORE ET AL. *v.* BOYD ET AL.

PRACTICE.—*Harmless Ruling on Demurrer.*—*Supreme Court.*—Error in sustaining a demurrer to a paragraph of a pleading is not available, where the facts alleged therein are admissible in evidence under a remaining paragraph.

PROMISSORY NOTE.—*Want of Consideration.*—*Pleading.*—In an action on a promissory note, a plea that, as to all in excess of a certain part of the note, it "was given without any consideration therefor," is sufficient.

From the Hancock Circuit Court.

*R. A. Black*, for appellants.

*M. Marsh* and *J. H. Mellett*, for appellees.

FRANKLIN, C.—Appellees sued appellants upon two promissory notes. Appellants answered in eight paragraphs. The first three were limited to the first paragraph of the complaint, and consisted of payment, want of consideration, and usury. The other five paragraphs, except the fifth, which was general, were to the second paragraph of the complaint, and all of them, except the fourth, pleaded usury. The fourth pleaded a want of consideration as to a part of the note.

A demurrer was sustained to the third, fourth and eighth

paragraphs of the answer, and overruled as to the others, except the fifth, to which there does not appear to have been any ruling made upon the demurrer, and a reply in denial was filed.

There was a trial by jury, verdict for the plaintiffs for $900 ; a motion for a new trial was overruled, and judgment rendered upon the verdict.

The errors assigned are the sustaining of the demurrer to the third, fourth, fifth and eighth paragraphs of the answer, and the overruling of the motion for a new trial. There is no available error in sustaining the demurrer to the third and eighth paragraphs of the answer, nor to the fifth, if that had been included, for the reason that the same facts were more fully stated under the other paragraphs of the answer to which the demurrer was not sustained.

But it is insisted that the court erred in sustaining the demurrer to the fourth paragraph of answer. That paragraph reads as follows: " For joint and several answer to so much of plaintiffs' claim set forth in the second paragraph as exceeds the sum of $665, defendants say that the note in suit, as to such excess, was given without any consideration therefor." The note in suit in this paragraph was for $805.

Want of consideration is a good defence, and may be pleaded generally, while failure of consideration, to be good, must be pleaded specifically ; and want of consideration may be pleaded to a part, as well as the whole, of the cause of action, when limited to that part. *Webster* v. *Parker,* 7 Ind. 185 ; *Manly* v. *Hubbard,* 9 Ind. 230.

This fourth paragraph of answer was a good defence to that part of the note to which it was pleaded, and the fact therein contained was not embraced in any other paragraph of the answer, and was not provable under any other paragraph to which the demurrer was overruled or not sustained. It was, therefore, error to sustain the demurrer to it, and we do not think that it can be considered a harmless error.

As to the motion for a new trial, the reasons stated are de-

pendent upon the evidence. The bill of exceptions was not filed in time, and the evidence is not properly in the record; therefore we decide nothing in relation to the motion for a new trial.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded to the court below, with instructions to overrule the demurrer to the fourth paragraph of answer, and for further proceedings.

Filed Feb. 22, 1884.    Petition for a rehearing overruled April 25, 1884.