Filed Feb. 29, 1888.

No. 12,865.

## FISHER *v.* FISHER.

PROMISSORY NOTE.— *Want of Consideration.—General Plea of.—*In an action upon a promissory note, a general plea that the note "was given without any consideration whatever" constitutes a good defence.

SAME.—*Illegal Consideration.— Facts Showing Must be Pleaded.—*Where the maker pleads that the note sued on was given upon an illegal consideration, he must state all the facts which constituted the consideration and which rendered it illegal.

SAME.—*Contract for Future Delivery of Commodity.—Margins.—*If a commodity is bought for actual future delivery, the fact that the parties are required to deposit a margin, as the market may demand, to secure the delivery of the commodity or the payment of the purchase price, as the case may be, does not vitiate the contract.

SAME.—*Insufficient Plea of Illegal Consideration.—*An answer that the note sued on was given for an illegal consideration, in that the only consideration therefor was the payment of margins on wheat that had never been delivered to the defendant by the plaintiff, or by any one for him, is bad for want of sufficient facts.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*J. C. Branyan, M. L. Spencer* and *W. A. Branyan,* for appellee.

Howk, J.—This was a suit by appellant, Frank I. Fisher, as plaintiff, against appellee, Tillman H. Fisher, as defendant, upon a promissory note for $464.35, dated July 1st, 1877, and alleged to be due and unpaid.

The cause was put at issue and tried by a jury, and a verdict was returned for defendant, and, over plaintiff's motions for a new trial and in arrest, it was adjudged that he take nothing by his suit, and that defendant recover his costs.

Errors are assigned here by plaintiff which call in question the overruling of his separate demurrers to the first and second paragraphs of defendant's answer, (2) his motion for a new trial, and (3) his motion in arrest of judgment.

In the first paragraph of his answer defendant averred, among other things, " that the said note was given without any consideration whatever." Of this paragraph of answer plaintiff's counsel say : " It might be good if the facts were properly pleaded, but they are so meager that we believe the paragraph is insufficient." The averment we have quoted, of itself, constitutes a good defence to the note in suit, and makes the paragraph of answer amply sufficient to withstand plaintiff's demurrer thereto. In an action upon an executory contract, such as is the case under consideration, it has been uniformly held by this court that a general plea to the effect that such contract was made or given without any consideration whatever, constitutes a good and sufficient defence in bar of the action. *Webster* v. *Parker,* 7 Ind. 185; *Billan* v. *Hercklebrath,* 23 Ind. 71; *Bush* v. *Brown,* 49 Ind. 573; *Moore* v. *Boyd,* 95 Ind. 134.

Plaintiff's demurrer to the first paragraph of answer was correctly overruled.

In the second paragraph of his answer defendant admitted his execution of the note in suit, but he averred that such note was given for an illegal consideration, in this, that the only consideration for such note was the payment of margins on wheat that had never been delivered to defendant by plaintiff, or by any one for him, and that no other consideration

of any other kind entered into such note. Wherefore defendant said that the note sued on was voidable, and he asked that the same be cancelled, and that he have judgment for his costs.

We are of opinion that the facts stated by defendant in the second paragraph of his answer, the substance of which we have given, were not sufficient to show that the consideration of the note in suit was illegal, and that plaintiff's demurrer to such paragraph ought to have been sustained. In this State it is settled law that a promissory note, whether negotiable under the law merchant or assignable under the provisions of our statute, imports a sufficient consideration, and in a complaint thereon the consideration of the note need not be averred. Section 5501, R. S. 1881; *Tibbetts* v. *Thatcher,* 14 Ind. 86; *Durland* v. *Pitcairn,* 51 Ind. 426; *Louisville, etc., R. W. Co.* v. *Caldwell,* 98 Ind. 245.

Where, therefore, in an action upon a promissory note, the maker thereof pleads in bar of the action that the note sued on was given upon an illegal consideration, he must state fully and clearly in his plea or answer all the facts which entered into and constituted the consideration of such note, and which rendered such consideration illegal; otherwise, such plea or answer must be held bad on demurrer thereto for the want of sufficient facts. In such case, it is not enough to stigmatize the consideration of the note as illegal to allege, as defendant does in the second paragraph of his answer, "that the only consideration for such note was the payment of margins on wheat that had never been delivered to defendant by plaintiff, or by any one for him." The payment of margins on wheat may have been, and, perhaps, was, an inadequate consideration for the note in suit; but whether such consideration was, or was not, illegal, depended for its determination upon facts which were not apparent, and which defendant had failed to allege in the second paragraph of his answer.

For aught that was alleged to the contrary in the second paragraph of answer, it might well have been that the wheat

therein mentioned, upon which the "margins" were paid for which the note in suit was given, was to be, and was in fact, delivered to some third person at defendant's request; or that, if such wheat was to be delivered to defendant, he had prevented such delivery thereof by his refusal to receive such wheat; or that the wheat "had never been delivered to defendant by plaintiff" because the time for such delivery had not yet arrived.

In *Whitesides* v. *Hunt*, 97 Ind. 191, after an exhaustive examination of the question which defendant intended and attempted to present by the second paragraph of his answer herein, it was held, substantially, that where any commodity is bought for future delivery, without regard to the form of the contract, if the parties mutually understand and intend that the purchaser shall pay for, and the seller shall deliver, the commodity sold at the maturity of the contract, the transaction is legal and valid; and the fact that the purchaser is required to deposit a margin, and to increase the same at any time the market may require it, to secure the payment of the purchase price at maturity, or that the seller shall deposit a margin, and increase the same like the purchaser, to secure the delivery of the commodity sold at maturity, does not, and will not, vitiate such contract.

We are of opinion that the facts stated by defendant in the second paragraph of his answer in the case in hand are not sufficient to show that the note in suit was given upon an illegal consideration, and that the court below erred in overruling plaintiff's demurrer to such paragraph of answer.

For this error the judgment below must be reversed, and, therefore, we need not now consider or decide any question arising under the alleged error of the court in overruling plaintiff's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of answer, and for further proceedings, etc.

Filed Feb. 28, 1888.