Price, J.
The first defense contained in the answer, when stripped of unnecessary verbiage, is a denial of the execution and delivery of the note —the subject of the action. And the second defense pleads generally, that the alleged instrument is without any consideration to support it. This being its character the plaintiff below, by motion, asked the court to require the defendant to make this ground of his defense definite and certain “by setting forth the facts and circumstances connected with said note which render it'without consideration and void,” and “by *133 setting forth a complete statement of facts upon which said second defense is based.”
This motion was sustained and thereby the defendant was required to so reform and amend the plea, as to set out “the facts and circumstances connected with said note which render it without consideration and void,” and “to set out therein a complete statement of the facts upon which said second defense is based.”
The defendant did not so amend, and for want of compliance with the order, the defense was stricken from the answer.
Was this error? is the only important question before us. There can be no doubt, that the plea of want of consideration for a note is entirely consistent with a denial of its execution and' delivery, for under the liberal provisions of our code of practice, the defendant may set forth in his answer as many grounds of defense as he may have, whether they are legal or equitable in character, subject to the limitation, that such several defenses must be consistent with each other. Revised Statutes, Sec. 5067. This court held in Pavey v. Pavey, 30 Ohio St., 600, that, in an action on a note, the defendant may plead a denial of its execution and that there was no consideration therefor, and that it is error in such case to require the defendant to elect upon which of the two defenses he will proceed to trial.
If the note is not genuine, as alleged in the-first ground, it had no consideration as alleged in the second ground of defense, and we think that the defendant had not only the right to these consistent defenses, but he had the right to be consistent in his *134 •evidence to support them. So, if the instrument sued on is not genuine, what facts and circumstances connected with it, could he set out? Indeed, it is difficult .to see how the defendant could have complied with the order made in the case, without abandoning his first defense, or at least, very greatly compromising it. If he should set out “facts and circumstances connected with the note which renders it without consideration,” the plea so framed might at once be construed as admitting the execution of the instrument, and the very compliance with the order, if it could be complied with, would present an apparent inconsistency between the two defenses. And why should statements of facts be required in this case? The suit is between the payee and the alleged maker of the note. It lacks the usual words “for value received,” and is not negotiable in form. Every fact surrounding its execution is, or could be, as well known to the plaintiff as to the defendant. If the note is not genuine, her knowledge about its origin is far superior to his. On the other hand, if the defendant made and delivered it, the plaintiff would not be .a stranger to “the facts and circumstances” connected with its execution; and we think there is no necessity for the enforcement of the strict rule laid down by the trial court.
We do not intend to unduly circumscribe the discretion and control which the court has over the filing and reformation of pleadings, but to say, that owing to the character of the two grounds of defense, the court erred in sustaining the motion complained of and in striking the defense from the answer.
The case of Chamberlain v. Railway Co., 15 Ohio *135 St., 225, is cited to justify the action of the lower •court. There were several questions involved in that case, and the least of all was, the effect of going to trial without objection, where one of the defenses to a promissory note is a plea in general terms, that it is wdiolly without consideration; and this court there decided that, if the plaintiff, without requiring a statement of the facts on which the defense is based, joins issue, any evidence is admissible on the trial, that tends to impeach or sustain the consideration. And the distinguished judge announcing the opinion, referring to the general terms of the plea, said: “this the plaintiff might have required to be made more definite, by a statement of the facts upon which the defense was based; but he waived this right and joined issue. * *
And further examination of that case shows, that the defendant admitted the execution of the note in suit. He had subscribed to the stock of the railroad company, and had paid a number of installments thereon, and gave the note sued on in settlement of the other assessments, and among other defenses, we need not mention here, was the general plea that the note was without consideration. The feature of that case which readily distinguishes it from the case at bar, is that there the note was genuine, while here its execution is denied. It is the ordinary application of the rule that the syllabus and opinion in a case should be considered in the light of its issues and facts.
It is our judgment that the court erred in sustaining the plaintiff’s motion to the second defense, and that the error was continued in striking it from the *136 answer, for which error the judgments of the circuit court and the court of common pleas are reversed, ■and the case is remanded for new trial.

Judgment reversed.

Williams, O. J., Burket, Spear, Davis and Shauck, JJ., concur.