## ZEBOLD v. HURST.

No. 8136—Opinion Filed June 6, 1917.

(166 Pac. 99.)

### 1. Bills and Notes—Consideration—Defense.

A promissory note must be supported by a valid consideration; want or failure of consideration is a good defense in an action on a promissory note between the original or immediate parties.

### 2. Same—Action on Note—Answer.

In an action on a promissory note, where the answer contains a general averment without stating further facts that the note is without consideration, such answer is good against demurrer.

### 3. Same—Defense—Demurrer.

Where plaintiff, payee, brings action on a promissory note, and defendant, maker, pleads in his answer as a defense want of consideration, and plaintiff files a general demurrer to the answer of defendant, it is error for the trial court to sustain such demurrer.

### 4. Pleading — Several Defenses — General Demurrer.

When a pleading contains more than one paragraph alleging more than one cause of action or defense, if the plaintiff states one cause of action or defense, it is error for the court to sustain a general demurrer to such pleading as an entirety.

(Syllabus by Pryor, C.)

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by Homer S. Hurst against Robert A. Zebold. Demurrer to answer sustained, judgment for plaintiff, and defendant brings error. Reversed and remanded with instructions to overrule demurrer, to set aside the judgment, and to grant a new trial.

Guy A. Curry, for plaintiff in error.

A. L. Beckett and H. S. Hurst, for defendant in error.

Opinion by PRYOR, C. On the 29th day of April, 1914, the defendant in error, hereinafter designated plaintiff, commenced an action against the plaintiff in error, hereinafter designated defendant, on a certain promissory note given plaintiff by the defendant.

To the amended petition of plaintiff the defendant filed an answer wherein he makes a general denial of the allegations of plaintiff's petition, and pleads: First, want of consideration for said note; and, second, pleads or attempts to plead duress, to wit, that said note was executed under threats

made by plaintiff to the defendant that if the defendant did not sign said note the plaintiff would start an action against the defendant and throw his abstract business into the hands of a receiver. To the answer of the defendant the plaintiff interposed a general demurrer, to wit, that the answer of the defendant does not state facts sufficient to constitute a defense to the plaintiff's cause of action.

On the 20th day of December, 1915, a regular term day of said court, the cause came on for hearing on said demurrer. The court sustained the same, and upon the defendant's electing to stand on his answer rendered judgment for the plaintiff, from which action of the court the defendant prosecutes his appeal to this court.

The defendant assigns as error of the court below the sustaining of the demurrer of the plaintiff to his answer and the rendering of judgment after the defendant elected to stand on his answer. The only question presented to this court is whether or not the court below erred in sustaining the said demurrer. Whether or not the court below committed error in sustaining the demurrer of the plaintiff to the defendant's answer depends on whether or not the answer of the defendant stated a defense to the plaintiff's cause of action.

In the second paragraph of defendant's answer he pleads that the promissory note sued upon was without consideration. It is an elementary principle of law that a promissory note must be supported by a consideration, and a plea of want or failure of consideration is a valid defense between the original or immediate parties. Story on Promissory Notes (7th Ed.) secs. 181-183 and 187; Norton on Bills and Notes (2d Ed.) 262; 7 Cyc. 690; 8 Cyc. 31; Hagan v. Bigler, 5 Okla. 575, 49 Pac. 1011. It is well settled by these authorities that a want or failure of consideration is a good defense in an action on a promissory note between the original or immediate parties. Of course, a different rule obtains where the rights of a bona fide purchaser or holder in due course for consideration and without notice are involved.

The next question that presents itself to the court is whether or not the answer of the defendant sufficiently pleads want of consideration. The answer contains only a general averment that the note was made without consideration. In determining this question there are no Oklahoma decisions that render any assistance. This identical question was before the court of Kansas in the case of Miller v. Brumbaugh, 7 Kan. 343, and the court held:

"Under an answer in a suit on a promissory note which alleges in general terms that the note was given without any consideration whatever, the defendant may offer testimony going to show a want of consideration, and the plaintiff may prove any consideration."

The allegation in the answer in the above case was:

"The said promissory note in said petition mentioned given by defendant to said plaintiff was without any consideration whatever therefor."

In the opinion Justice Brewer uses the following language:

"The answer denies that the value was received; an affirmation that it was without value is equivalent to a denial that it was with consideration. This affirmance and denial make an issue. It is complete. Whether plaintiff could by motion have compelled defendant to set out the circumstances under which the note was given, the facts upon which he bases his averment that the note was given without consideration, it is useless to inquire. The parties were satisfied with the issues as made. They went to trial upon them. Under that general averment the defendant could offer any fact which tended to prove that the note was given without consideration, and the plaintiff, on the other hand, could show any consideration. Chamberlain v. P. & H. R. Co., 15 Ohio St. 225; Wheeler v. Billings, 38 N. Y. 263."

The Supreme Court of Indiana, in passing on the identical question, holds that a general averment of want of consideration is sufficient. Webster v. Parker, 7 Ind. 185; Fisher v. Fisher, 113 Ind. 474, 15 N. E. 832; Moore v. Boyd, 95 Ind. 134; Osborne v. Hanlin, 158 Ind. 325, 63 N. E. 572. In the cases of Fisher v. Fisher and Moore v. Boyd, supra, the allegations in the answers were that the note "was given without any consideration therefor," and the court held them sufficient.

The Supreme Court of Illinois has consistently held that a general averment is a good plea in an answer of want of consideration. Taft v. Myerscough, 92 Ill. App. 560.

Bates on Pleading & Practice, vol. 2, p. 1289, in regard to pleading want of consideration, lays down the rule as follows:

"The mere general averment of want of consideration, without stating the facts, is sufficient (except for cases of failure of consideration). * * *"

An examination of the decisions of various state courts discloses that a majority of the states, and a greater majority of the Code states, hold that a general averment is sufficient in pleading want of consideration, with-

out alleging or stating the facts. An examination of the authorities will disclose, while there is some conflict on this question, that the conflict is more apparent than real.

The cases cited by digests and text-writers in support of the contrary rule upon a close examination show that the question decided more often is the question of the failure of consideration, and are very often cited in support of the proposition that want of consideration must be pleaded. There is quite a distinction between want of consideration and failure of consideration. Want of consideration would often involve the single fact that nothing passed from the promisee or any one else. to the promisor for the promise, while more frequently from its very nature failure of consideration would involve a chain or combination of facts and circumstances, the facts and circumstances to be stated in pleading failure of consideration. When the simple fact of want of consideration has been presented to the court alone, and not coupled with allegations of failure of consideration or fraud or duress, the courts have by a great majority held that a general averment of want of consideration is sufficient and is good when assailed by demurrer.

The rule under our Code is that the answer should state the defense in ordinary concise language. If there is nothing involved except the simple fact that no consideration passes from the promisee to the promisor, it certainly seems that the expression used in this answer and in the cases cited, to wit, that the note was given without any consideration, is as plain and complete as one could make it. There is nothing else to be said. Express it in as many sentences and in as many forms as the mind can conceive, it conveys but one idea to the understanding; that is, that the defendant received nothing from the plaintiff in exchange for the note. It may seem brief and insignificant, yet it is a complete bar to the plaintiff's recovery. The defendant in his second paragraph pleads a good defense to the plaintiff's cause of action.

The defendant in the third paragraph of his answer, without stating anything inconsistent with the second paragraph thereof, attempts to allege duress. The only threats complained of are threats of the plaintiff to sue the defendant and put his abstract business in the hands of a receiver. The acts complained of in the answer are not sufficient to constitute duress. One party's threatening to bring a civil action against another or threatening another with civil process does not constitute duress. Fisher v. Bishop, 36 Hun. (N. Y.) 112; Morse v.

Woodworth, 155 Mass. 233, 27 N. E. 1010, 29 N. E. 525; Buck v. Axt, 85 Ind. 512; Snyder v. Braden, 58 Ind. 145; N. O. & N. E. R. Co. v. La. Const. & Emp. Co., 109 La. 13, 33 South. 51, 94 Am. St. Rep. 395; Atkinson et al. v. Allen et al., 71 Fed. 58, 17 C. C. A. 570; Collins Inv. Co. v. Easley et al., 44 Okla. 429, 144 Pac. 1072. Therefore the third paragraph of the defendant's answer fails to state a defense. Thus we have an answer containing two paragraphs, one which states a defense, and one which does not. The question then arises as to what action the lower courts should have taken on a general demurrer filed to said answer. This question has been directly settled by ours and the Kansas courts.

If the plaintiff pleads more than one cause of action, and the petition is sufficient as to any one of them, or defendant pleads more than one defense, and the answer is sufficient to any one of them, the pleading is good as against a general demurrer directed against the entire pleading, and it is error for the trial court to sustain such demurrer. Munn v. Talman, 1 Kan. 254, 81 Am. Dec. 508; Hurst v. Sawyer, 2 Okla. 470, 37 Pac. 817; Stiles et al. v. City of Guthrie et al., 3 Okla. 26, 41 Pac. 383.

We therefore hold that the lower court erred in sustaining the demurrer of the plaintiff to the answer of the defendant, and it necessarily follows that it erred in rendering judgment when the defendant announced his intention to stand on his answer.

Therefore this cause should be reversed, and remanded, with instructions to the lower court to overrule the demurrer of plaintiff to the defendant's answer, and set aside the judgment rendered in said cause, and grant the defendant a new trial.

By the Court: It is so ordered.