## BURFORD et ux. v. TERRITORIAL LAND CO. et al.

No. 10460—Opinion Filed Jan. 24, 1922.

(Syllabus.)

1. **Pleading—Petition—Sufficiency on General Demurrer.**

Where a petition states several causes of action in several counts, if any of the counts in the petition state facts sufficient to constitute a cause of action, though such facts may not entitle the plaintiff to

the entire relief prayed for, a general demurrer to such petition should not be sustained.

## 2. Ejectment—Quieting Title—Sufficiency of Petition.

Record examined, and held, that the judgment of the trial court is reversed, and the cause remanded. with directions.

Error from District Court, Lincoln County; Chas B. Wilson, Judge.

Action by W. R. Burford and wife against the Territorial Land Company and Joseph M. Bryson, Trustee, in ejectment and to quiet title. Demurrer to petition sustained, and plaintiffs bring error. Reversed and remanded.

Erwin & Erwin, for plaintiffs in error.
M. D. Green, for defendants in error.

JOHNSON, J. This action was commenced by the plaintiffs on the 31st day of July, 1917, in the district court of Lincoln county. In their petition the plaintiffs set up three causes of action.

For their first cause of action plaintiffs allege:

"That the plaintiffs have the legal estate in fee simple, and the equitable estate in and to the following described real estate situated in Lincoln county, state of Oklahoma, to wit: The west one-half (½) of the southwest quarter (¼) of section twenty-nine (29) in township fifteen (15) north. of range two (2) east, of the Indian Meridian."

That the title of the plaintiffs to said property was acquired in the following manner, to wit:

"By patent from the United States of America, dated April 17th, 1903, to first named plaintiff, and recorded in volume No. 2 of Patent Records at page 345, in the office of the county clerk of Lincoln county, Oklahoma; a copy of which patent is hereto attached as 'Exhibit A' and made a part hereof."

That plaintiffs are entitled to the immediate possession of said property. but that defendants wrongfully and unlawfully keep and detain the same and have excluded the plaintiffs from the possession thereof ever since the 1st day of January, 1903.

For their second cause of action the plaintiffs. after incorporating the allegations of the first two paragraphs of the first cause of action, allege:

"That the defendants, and each of them, claim some right, title, interest, or equity in and to the said real property adverse to these plaintiffs which constitutes a cloud upon the title of the plaintiffs; and the plaintiffs ask that the said defendants be required to appear and set up their claims in this action."

For their third cause of action the plaintiffs. after incorporating the first two paragraphs of the first cause of action, allege:

"That the defendants claim some right, title or interest in and to the said real property adverse to the plaintiffs, which constitutes a cloud on the title of the plaintiffs: and that the plaintiffs believe and therefore allege that the defendants make such adverse claims by reason of the following facts:

"That on or about the 16th day of October, 1902, certain persons, whose names are now unknown to the plaintiffs, entered into negotiations with the plaintiffs for the purchase of the above described lands, the same being the one-half part of the said quarter section which was then owned by the plaintiffs and occupied as their homestead; that said individuals stated and represented to the plaintiffs that they were officers and agents of the defendant, Territorial Land Company, and also officers and employes of the Missouri, Kansas & Texas Railway Company; that the said defendant and themselves desired to buy the said lands for the purpose of building a town thereon and also establishing a station of the said railway company thereupon, and that if the plaintiffs would sell them and the said defendant the said lands they and the said defendant would establish the said railway station thereon and plat said lands and establish a town at said station and on said lands; that through and by reason of said statements and representations, which were a large and material part of the consideration therefor, the plaintiffs, believing and relying thereon and not having the means of ascertaining the authority of said persons, were induced to execute a thirty (30) day option for the sale and conveyance of the said lands to the said defendant and thereafter to execute a conveyance in accordance with such option; and that the plaintiffs then owned the remainder of said quarter section and so owned and held the same for many years thereafter.

"That contrary to the said representations the station of said railway was not built upon said lands, neither were the said premises platted into a town site or town built thereon; and that by reason of such failure the remainder of the lands of these plaintiffs depreciated in value from what they otherwise would have been reasonably worth, in a total of not less than the sum of $4,000.00; that in truth and fact there never was a corporation in existence by the name of 'Territorial Land Company;' that the said individuals in order to avoid the laws of the territory of Oklahoma and as a sham or device for trading and speculating in lands in this state, with other parties, filed articles of incorporation in the state of Missouri on or about the 30th day of September, 1902, for the specific purpose of speculating in these lands, wherein it was recited that the purposes for which said corporation was

formed were as follows: 'The company is formed for the following purposes, namely; for buying and selling lands, city and town lots in the state of Missouri, the Indian Territory and territory of Oklahoma, and the state of Texas, and Kansas, and other states.' That the purposes for which said defendant company was pretended to be organized were prohibited by the laws of the territory of Oklahoma; that the pretended buying of the said lands were prohibited by the laws of the said territory; and that the said option and conveyance transferred no title or estate to the said defendant.

"That the said individuals never pretended to organize or establish said corporation and if ever in fact a corporation with any legal existence within the said state of Missouri was formed, it lost its corporate entity and became defunct on the 8th day of March, 1906, by reason of its failure to file annual reports and antitrust affidavits which were required by the law of the said state and which laws provided that all corporations were dissolved by such failure, and was otherwise dissolved and that on account of said facts the title to said lands, if the same ever passed to the said defendant, reverted to the plaintiffs.

"That the said defendant through its pretended officers and agents have held and had possession of the said lands and premises ever since the 1st day of January, 1903; and that it' or its pretended officers and agents have had the use and profits thereof, amounting to the sum of not less than $400.00; and that the plaintiffs are entitled to the possession of said lands and premises which the said defendant or its pretended agents and officers unlawfully and wrongfully detain from them.

"That the individual defendant pretends to have some right, title or interest in and to said premises as a public trustee and official of the state of Missouri, but that such claim, if any exists, never arose until the 17th day of August, 1914, and is junior and inferior to the rights of the plaintiffs."

To the petition the plaintiffs attached as "Exhibit A" a patent from the United States of America to the first named plaintiff covering said land.

The defendants demurred to the petition on the following grounds:

"1. That this court has no jurisdiction of the persons of these defendants.

"2. That several causes of action are improperly joined.

"3. That the petition does not state facts sufficient to constitute a cause of action.

"4. That the petition does not state facts sufficient to constitute a cause of action, in this: That it does not appear from the face of plaintiffs' petition, that their cause of action accrued within two years next preceding the institution of this suit, but, on the contrary, it appears that it did not accrue within said two years.

"5. That the petition does not state facts sufficient to constitute a cause of action, in this: That it appears that the plaintiffs are guilty of laches in the institution of this suit."

On the 2nd day of September, 1918, the lower court sustained the demurrer of the defendants to plaintiffs' petition. The plaintiffs elected to stand upon their petition, and the court thereupon dismissed the cause at the costs of the plaintiffs; and this appeal is prosecuted from the judgment sustaining the demurrer and dismissing the action.

## Assignments of Error.

"1. That the court erred in sustaining the demurrer to the petition and dismissing the cause at the costs of the plaintiffs.

"2. That the court committed error in sustaining the demurrer to the plaintiffs' petition.

"3. That the court erred in dismissing the action at the costs of the plaintiffs.

"4. That the court erred in sustaining the demurrer to the petition, for the reason that the petition states facts sufficient to constitute a cause of action.

"5. That the court erred in sustaining the demurrer to the petition, for the reason that the court had jurisdiction of the persons of the defendants.

"6. That the court erred in sustaining the demurrer to the petition, for the reason that several causes of action were not improperly joined.

"7. That the court erred in sustaining the demurrer to the petition, for the reason that plaintiffs' cause of action was not barred by the statute of limitations.

"8. That the court erred in sustaining the demurrer to the petition, for the reason that such petition did not show that plaintiffs were guilty of laches in the institution of this suit.

"9. That the said order and judgment are contrary to law."

These assignments of error raise but one question of law, that is, as to whether or not the petition of plaintiffs stated a cause of action. If the petition stated a cause of action, the judgment of the trial court sustaining the demurrer thereto and dismissing plaintiffs' cause of action was error, and such judgment should be reversed.

The rule that governs trial courts in passing upon demurrer to a petition containing several different causes of action has been frequently announced by this court, and in the case of Watkins v. Yell, Treas. of Carter Co., 73 Oklahoma, 176 Pac. 390, was stated as follows:

"Where a petition states several causes of action in several counts, if any of the counts in the petition state facts suffi-

dient to constitute a cause of action, though such facts may not entitle the plaintiff to the entire relief prayed for, a general demurrer to such petition should not be sustained."

Following the cases of Zebold v. Hurst, 65 Okla. 248, 166 Pac. 99; Blackwell Oil & Gas Co. v. Whitesides, 71 Oklahoma 174 Pac. 573; Ardmore State Bank v. Mason, 30 Okla. 576, 120 Pac. 1080, 39 L. R. A. (N. S.) 292, Ann. Cas. 1913B, 1181; Cockrell v. Schmitt, 20 Okla. 210, 94 Pac. 521, 129 Am. St. Rep. 737; and it has since been followed in the case of Jackson v. Levy, 75 Okla. 256, 183 Pac. 505, and numerous later decisions of this court which it is not necessary to cite.

From an examination of the petition herein, it is obvious that the same states a cause of action in ejectment, and one to quiet title, which are not barred by limitation.

Therefore the judgment of the trial court sustaining the demurrer of the defendants to the petition was reversible error.

The judgment is therefore reversed, and the cause remanded, with directions to the trial court to overrule the demurrer of the defendants.

PITCHFORD, V. C. J., and McNEILL, MILLER, and KENNAMER, JJ., concur.