Scott *v.* Norris *et al.*

No. 639.

## Scott *v.* Norris et al.

PLEADING.—*Plea in Abatement.—Matter Necessitating a Reformation of the Instrument.—When Such Plea is Insufficient.—Promissory Note.—Premature Action.—Failure to Ask for Proper Relief.—Effect.*—In an action on a promissory note, where the defendant answers by way of a plea in abatement, and couples with his plea matters which show that it can be sustained only by proof of facts involving and necessitating a reformation of the note, the plea will be insufficient unless it also contains a prayer for the reformation of such note. A mistake in a contract can only be reached by a defendant by way of affirmative relief asked for in a cross-action.

From the Union Circuit Court.

*L. H. Stanford,* for appellant.

*T. D. Evans,* for appellees.

REINHARD, C. J.—This action was on a note executed by the appellees to the appellant. The appellees answered by a plea in abatement, alleging that the action was prematurely brought, the note not being due. There was a demurrer to the plea which was overruled by the court, whereupon the appellant filed a reply in two paragraphs, one of which was the general denial and the other a plea of former adjudication. To the latter paragraph a demurrer was sustained, and the appellant refusing to plead further the case made upon the answer in abatement and the denial thereto was submitted to a jury, who returned a verdict in favor of the appellees, finding that the note was not due. The appellant filed a motion for a new trial, which was overruled, and over his further motions for judgment, notwithstanding the verdict, and in arrest of judgment, the court rendered judgment on the verdict. All these rulings are properly presented for review in the record. Did the court err in overruling the demurrer to the plea in abatement? The substance of this plea is that

on the second day of September, 1889, the appellee Henry E. Norris rented of the appellant George Scott the latter's farm in Union county, Indiana, for the term of three years, commencing March 1st, 1890, upon a written lease set out *in haec verba.* The lease contains, among others, the following condition : " Said party of the second part " [Norris] "does hereby agree to pay four hundred dollars ($400) for said farm each year for the time specified in the above contract, payments to be secured by note, possession to be given March 1st, 1890."

It is further averred that Norris went into possession of the farm on the first day of March, 1890, and that on the ninth day of September, 1889, the appellant presented three notes to the appellees for signature, as provided by the articles of agreement, one note to become due October 9th, 1890, for the rent which was not due until March 1st, 1891, according to the contract, and requested the said Norris, as an accommodation to him, to make it thus due and payable, which he did, with his co-appellees as sureties, and which note was for the sum of $400, and was for the first year's rent of said farm under the contract, and which note was promptly paid at maturity, October 9th, 1890; that at the same time appellant presented two other notes for the second and third years' rent of said farm and asked for the signature of appellees thereto, and requested, as an accommodation to him, that said notes be made to fall due on the first day of February, 1892, and the first day of February, 1893, respectively, so that when the last year of the appellee Norris' right of possession under the contract would expire, viz.: March 1st, 1893, all notes would be due; that one of said notes, being for the second year's rent, should have been made payable February 1st, 1892, as aforesaid, "but by mistake of all parties concerned was made payable February 1st, 1891, and that, notwithstanding said mistake, the said plaintiff has sued upon said note and recovered judgment thereon, which was for said sec-

ond year's renting of said farm, which ended March 1st, 1892; that said other note, being the note herein sued on, was at the same time presented for signature and was in- tended to be, as aforesaid, for the third and last year's rent of said land of plaintiff's, as stated in said contract, * * * and which rent is not due until March 1st, 1893; that said note being, as aforesaid, the note herein sued on, instead of being made to become due February 1st, 1893, as aforesaid, was, by the mutual mistake of all the parties, made to fall due February 1st, 1892, one year in advance of any sum being due to said plaintiff for the third year's renting of said farm under said lease; that on the second day of July, 1891, the plaintiff discovered the said mistake in said date and called the defendant Henry E. Norris' at- tention thereto, and that this was the first time the error was discovered, and defendants now say that said sum herein sought to be recovered by this judgment is the third year's rental of said farm, and is not due until March 1st, 1893, and that said note is not due until February 1st, 1893, and that this suit ought now to abate until said date, and defendants pray judgment for costs."

It will be observed, from the reading of the foregoing pleading, that it does not ask for a reformation of the note in suit, nor for affirmative relief of any kind, unless the suggestion for the abatement of the action may be termed such. Whether the averments of a mutual mistake are such as would entitle the appellees to the reformation of the note need not now be determined. Certainly such averments do not go beyond the setting up of the facts constituting the mistake upon which the appellees rely and the prayer for the abatement of the suit. Is this sufficient?

Prior to the adoption of the code the power to grant re- lief against mistakes of the nature here pleaded resided in the chancery courts only. Before a party affected by such mistake could avail himself of the benefit arising from a reformation of the instrument he was compelled to

go into a court of equity and obtain such reformation. He could then bring the instrument, as reformed, into the court of law, and bring his action upon it; or, if an action was instituted thereon against him, he could show the reformation in his defense and obtain such relief as he was entitled to with the instrument as reformed. Under our code system, the distinction between actions at law and in equity are abolished, and equitable defenses may be pleaded in actions at law and before the same tribunal.

Where the defendant, in an action such as the one at bar, relies upon a mistake in the contract, the relief must be sought by way of counterclaim or cross-complaint, and not as a defense to the action. The relief sought, being affirmative in its character, can not be said to amount to a defense under any circumstances. The defendant seeking the relief becomes a plaintiff and the adverse party a defendant for the purposes of such relief. The right to a correction arising out of the same contract and being connected with it constitutes a cause of action in favor of the defendant, and is, therefore, a counterclaim. The same pleading may, indeed, perform the double office of an answer and cross-complaint, but the pleader must, besides setting up the mistake relied upon, demand and obtain the affirmative relief of reformation. 1 Works' Practice, section 593; *Mason* v. *Mason*, 102 Ind. 38; *Roszell* v. *Roszell*, 109 Ind. 354; *King* v. *Enterprise Ins. Co.*, 45 Ind. 43.

It is true that a plea in abatement is not a defense to the merits of the action, but we know of no reason why a different rule should be applied when the instrument, if reformed, would entitle the party asking for the reformation to an abatement of the action, from that obtaining when such instrument, as corrected, would give that party a defense in bar. The principle is the same. In either case the instrument declared upon must first be corrected, and that can only be done by a cross-action for that purpose. In the present case, when the appellees shall have obtained

the reformation sought for, in a cross-action in which they set up the mistake relied upon and ask for a reformation of the note in suit, so as to conform to the intention of the parties, they will be entitled to plead the facts—not as a defense to the action, but in abatement of the same. This may all be done in the same paragraph, but unless the affirmative relief of a reformation of the note is asked for, the pleading can not be regarded as a cross-action or counterclaim; and as the mistake alone without a reformation will not entitle the appellees to have the action abated, it follows that the plea must succumb to the demurrer. The court, therefore, erred in overruling the demurrer to the plea in abatement.

Judgment reversed.

Filed November 15, 1892.

ON PETITION FOR A REHEARING.

REINHARD, C. J.—We have given the questions presented by counsel for appellee upon the motion for a rehearing a careful consideration and are unable to change the conclusion reached by the court, as expressed in the original opinion. As there is nothing presented in addition to what was there discussed it would not be necessary, ordinarily, to make any additional observations upon the points involved; but, as counsel for appellee is obviously laboring under a misapprehension as to what was actually decided, we feel that we owe it both to the parties and the court to attempt to make the matter sufficiently clear for understanding, if it is not already so.

Counsel seems to be under the impression that the effect of the decision is that the question of the prematurity of the note must be raised, not by a plea in abatement, but by a cross-complaint touching the merits, which is contrary to well established rules heretofore declared not only by the Supreme Court but by this court also, and reiterated

Scott v. Norris et al.

but lately in a case between these same parties. *Norris* v. *Scott*, 6 Ind. App. 18.

Let it be understood then at the outset that we fully agree with appellee's counsel that a plea in abatement is the proper mode of presenting the question that the action was prematurely brought, the note not being due, when such fact does not appear upon the face of such note. This is the general rule.

When, however, the defendant couples with his plea matters which show that it can be sustained only by proof of facts involving and necessitating a reformation of the instrument the pleading will be held insufficient unless it contains also a prayer for reformation. Both the plea and the cross-action to reform may be embraced in one pleading and the questions arising thereon tried together. If the appellee succeeds in establishing the facts necessary to the reformation, the action will abate without further proceedings. If he fails he can then go to trial upon the merits. The only infirmity we note in the pleading is the absence of a prayer for reformation, which we have shown, we think, is essential under our code, however technical the rule may seem.

If the appellee were permitted to prove the mistake without an attempt at reformation it would enable him in that manner to set at naught another well settled doctrine, and that is that parol testimony is not admissible to change, vary or contradict the contents of a written instrument. A plea in abatement alone can not serve to put the correctness of the note, as written, in issue. There are many instances, it is true, in which extrinsic facts may be averred in a plea in abatement, which, if proved, will abate the action for prematurity, though the note on its face may purport to be due, and this may be done without resorting to a reformation of the instrument. One instance of this is where, for a valuable consideration, the time for payment is extended after the making of the note and prior

to its maturity. But it is otherwise if the effect of such extrinsic facts would be to vary the contract by injecting into it, as a part of the original agreement, terms or conditions not embraced in the writing itself, although discussed or talked about or even agreed to by the parties at the time of or prior to the execution.

The appellee's counsel finally suggests that if a reformation should be decreed in the manner pointed out in the original opinion, the plea in abatement would then become a work of supererogation, as the note itself, when made to speak the truth, would show that it was not due. But, if counsel is technically correct in this, we do not see how it would change the rule or how appellee could be injured by such requirement, for he would thereby accomplish the very object for which he filed his plea, viz.: the abatement of the action.

In other words the decree of reformation would itself furnish him with the proof necessary to make out his plea in abatement. He would not by this course be driven to the necessity, as he contends, of "cutting up his defenses," but would be permitted, in one proceding, to plead and try the entire case made upon this pleading. We know of no other legal way under our code in which the appellee could accomplish the end desired. The appellant having failed to include in his pleading the prayer for reformation, the demurrer should have been sustained.

Petition overruled.

Filed February 4, 1893.