JOSEPH HAGAN AND MARTHA HAGAN v. ELLA BIGLER.

PROMISSORY NOTES—*Defenses Against Payee.* In an action upon a promissory note by the payee against the maker, equitable defenses, such as want of consideration, partial failure of consideration or want of delivery of the note, may be interposed. The payee of a promissory note is not a *bona fide* holder, in the sense of the law relating to *bona fide* holders of negotiable paper, and the law relating to *bona fide* holders has no application in an action between the original parties to a note.

*Error from the District Court of Oklahoma County.*

Action on promissory note. Judgment in the district court for the plaintiff, from which defendant appeals.

*R. G. Hays* and *J. A. Wilson,* for plaintiffs in error.

*R. H. Winn* and *R. Wooldridge,* for defendants in error.

The opinion of the court was delivered by

TARSNEY, J.: This suit was commenced to recover upon a promissory note for $500, dated March 15, 1894, payable on or before one year after date; executed by Joseph Hagan and Martha Hagan, plaintiffs in error, to the order of Ella Bigler, defendant in error. The answer was a failure of consideration and also that the note had never been delivered. On the trial of the cause, the plaintiff offered in evidence the note sued upon, and rested; whereupon the defendant, to show the consideration for the making of said note, introduced in evidence

an agreement and journal entry in the case of *Frank Bigler v. Joseph Hagan,* theretofore pending in said court. Hagan and Bigler had been partners in business and the action was brought to dissolve the partnership and settle the partnership affairs. The agreement was that Bigler, who brought the suit, should dismiss the same; that plaintiff should pay all the costs of either party in said action except the defendant's attorney fees; that the court should make an order upon the receiver to pay over all moneys which he had received from the sale of the partnership property and turn over all unsold property to Hagan. Hagan and wife were to dismiss and did dismiss another action then pending, wherein Martha Hagan was plaintiff and H. B. Mitchell, receiver of the firm of Hagan & Bigler, was defendant, at the cost of the plaintiff. Said agreement recites:

"In consideration of the turning over of said moneys and delivery of said unsold property to Joseph Hagan, the said Joseph Hagan has this day executed and delivered to Frank Bigler his certain promissory note for $500."

The defendant, for the purpose of showing that, subsequent to the making of said agreement, a parole agreement was entered into between the parties, whereby the $500 note mentioned should be made payable to Ella Bigler; should be placed in the hands of one C. R. Jones to be delivered to Ella Bigler when, and not until, the moneys and property in the hands of the receiver should be turned over to Hagan and the costs in the action paid by Bigler; offered evidence that the note in this action was the only one executed; that it was placed in the hands of said C. R. Jones; that the moneys and property in the hands of the receiver was not turned over to Hagan and that the costs of said action had not been

paid by Bigler, and that, without the knowledge of Hagan, the note was delivered by Jones to Mrs. Bigler.

The court refused to permit evidence of such subsequent parole agreement, or that the terms of the original agreement had not been complied with by the turning over of the moneys and property in the hands of the receiver, or the payment of the costs. To the exclusion of this evidence, the defendant excepted; whereupon the court instructed the jury to return a verdict for the plaintiff in the sum of $724.16.

These were manifest errors. The cause seems to have been tried upon the theory that the plaintiff was an innocent holder of said note, free from any equitable defenses. It may be stated, generally, that the *bona fide* holder takes negotiable paper free from all equitable defenses, that is, those defenses which do not appear on the face of the paper and which do not absolutely destroy the existence of the paper as a monetary obligation. But who are *bona fide* holders? The payee of a note is not a *bona fide* holder. A *bona fide* holder of a negotiable instrument is one to whom the instrument has been transferred by the payee, or by some subsequent endorsee, for value, and before due, and without notice of any defect in the instrument. The law relating to *bona fide* or innocent holders of negotiable paper does not apply in actions between the maker and the payee. Between the original parties, any equitable defense may be interposed by the maker. He may show that the note never was delivered; he may show an entire or a partial failure of consideration; he may show that an agreement or contract upon the part of the payee which was of the consideration for the note, has never been kept. Mrs. Bigler was the payee in this note, and every

37—v.

agreement made by her husband, which was a part of the consideration of the note, she was bound by; and if such agreements have not been kept and performed, the defendant might show a total failure to keep such agreements in defense of an action on this note, or a partial failure in recoupment of damages.

For the reasons stated, the judgment of the court below is reversed and the cause remanded for a new trial.

Keaton, J., having presided in the court below, not sitting; all the other Justices concurring.