## DEMING INV. CO. v. SHANNON et al.

No. 7723—Opinion Filed Dec. 12, 1916.

(162 Pac. 471.)

1. **Judgment—Conclusiveness—Matters Concluded.**

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

2. **Bills and Notes—Defenses—Failure of Consideration.**

A partial failure of consideration is a proper defense pro tanto to a suit on a promissory note, except as against an innocent holder in due course of a note which is negotiable.

3. **Mortgages—Consideration—Partial Failure.**

Where an insurance company makes a loan of money, taking a note therefor and a mortgage to secure the same, and retains a part of the loan as payment of a premium on an insurance policy issued by the mortgagee as collateral security for the loan, and it is afterwards judicially determined that such insurance policy and the agreement to pay such premium are contrary to public policy and absolutely void, and such retained money is not paid to or received by the maker of such note and mortgage, but is kept and enjoyed exclusively by the mortgagee, the maker of the note and mortgage receiving no benefit therefrom, such facts constitute a partial failure of the consideration of the note and mortgage to the extent of such retained moneys.

(Syllabus by Johnson, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by the Deming Investment Company against W. I. Shannon and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Charles B. Mitchell and H. A. Kroeger, for plaintiff in error.

W. V. Thraves and King & King, for defendants in error.

Opinion by JOHNSON, C. Through the Deming Investment Company, as agent of the Fidelity Mutual Life Insurance Company, the First Baptist Church of Tulsa, Okla., obtained a loan of $8,000 from the said Fidelity Mutual Life Insurance Company; and on May 28, 1908, the church executed its note to the insurance company, with the other defendants in error as sureties thereon, for $8,000, payable June 1, 1913, with interest at 6 per cent. per annum from June 1, 1908, till maturity, and 10 per cent. thereafter, together with a mortgage upon the church property to secure the payment of the note.

The mortgage above mentioned contained the following clause, to wit:

"And said first party [the church] further agrees to apply for and take out an eight thousand dollar ten-year endowment policy in the Fidelity Mutual Life Insurance Company of Philadelphia, Pennsylvania, on the life of Thomas J. Slaughter, pastor of the First Baptist Church of Tulsa, and to pay the premium fees, and such other sums as are provided to be paid, according to the contract set out in said policy, and to cause said life insurance policy to be assigned to said second party as additional security for the payment of the indebtedness primarily secured by this mortgage, and that the installments of premiums provided by the terms of said policy to be paid shall be and are a further charge and lien upon the lands described in this mortgage; and if the first party shall fail to pay any of the installments of said premium when the same become due by the terms of said policy, or shall fail to comply with the agreements made in applying for and taking out said policy, in any respect, then the whole sum of money herein secured may, at the option of the holder of the note hereby secured, and at its, his, or her option only, and without notice, be declared due and payable at once, and this mortgage may thereupon be immediately foreclosed for the whole of said money, interest, premiums, and costs, as provided in the seventh paragraph to this mortgage."

Pursuant to this clause in the mortgage, the insurance policy was taken out upon the life of Thomas J. Slaughter, pastor of the church, with the church named therein as beneficiary, and was assigned by the church to the mortgagee, who was the insurer in the policy and recipient of premiums therein provided, the annual premiums being $846.40, payable on May 26th of each year.

The note, mortgage, and insurance policy having been executed, the insurance company, who was also lender, payee, and mortgagee as above stated, delivered to the church the amount of the loan, $8,000, less the premium for the first year on the policy, being $846.40, which was retained and applied to the payment of such premium, and was never received by the church.

The church declined and failed to pay the premiums on the insurance policy for the second and succeeding years, on account of which the insurance company elected to declare the note due and the mortgage in default, and filed suit in the Circuit Court of the United States for the Eastern District of Oklahoma to recover on the note and to foreclose the mortgage. In the suit in the federal court upon October 10, 1910, a general demurrer to the petition of the insurance company was sustained. The opinion of that court, in sustaining the demurrer, held that the church had no insurable interest in the life of its pastor, Thomas J. Slaughter, the person insured in the policy hereinbefore mentioned; that, for this reason, the insurance policy was a wager contract, against public policy, and void; that, for the same reasons, the clause in the mortgage, which provided for the policy and the payment of the premiums, having for its object the issuance of such a void policy, the payment of premiums thereon, and the option in the insurance company to declare the mortgage indebtedness due for nonpayment of the premiums, was void; and that, by reason of these conditions, the mortgage indebtedness was not due, and had been improperly declared by the mortgagee to be due, and no cause of action existed for the foreclosure of the mortgage on account of such nonpayment of premiums and the attempted exercise of the option to declare a default, on account thereof. There was no appeal from the judgment of the federal court, and it became final.

Thereafter the insurance company assigned the note and mortgage to the plaintiff in error, the Deming Investment Company, who was the agent of the insurance company in the negotiation of the execution of the instruments as aforesaid. As it became due the church paid the indebtedness represented and secured by the said note and mortgage, with the exception of an amount equivalent to the amount of the said first premium on said insurance policy, which had been retained by the insurance company in the first place out of the principal of the loan and which had not been received by the church, being the sum of $846.40, and interest thereon.

The church and its sureties contended: (1) That the insurance policy and the agreement to pay the premiums on it constituted a wager contract, and were contrary to public policy and void, the church having no insurable interest in the life of the insured; (2) that this invalidity, having been once judicially determined by a court of competent jurisdiction, in a suit between the same parties or their privies, is the subject-matter of res adjudicata; (3) that, such agreements being violative of public policy and void, the amount equivalent to such premium, to wit, the sum of $846.40, was wrongfully retained out of the original loan by the insurance company, who was the mortgagee, and that this resulted in a partial failure of the consideration of the note and mortgage to the extent of the amount sued for in this action, all moneys actually received by defendants on the loan having been repaid, with interest.

There are various other issues raised by both sides, and numerous assignments of error; but these contentions of defendants in error, if correct, are decisive of the rights of the parties.

Plaintiff in error advances able argument in favor of the validity of the insurance features of the contract; but, in our opinion, this matter has been settled by the judgment of the United States Circuit Court. In the light of the relations of the pastor of the modern Christian Church to the financial interests of his charge, the writer is not prepared to agree with the holding of the federal court as to the insurable interest of the church in the life of its pastor; but the question of the existence of such insurable interest in this case is dictum, if the decision by the federal court is binding, and consequently we do not decide the point.

The suit in the federal court was brought by the Fidelity Mutual Life Insurance Company, the payee in the note and the mortgagee in this same mortgage, and the assignor thereof to the plaintiff in this action against the defendants in this action. That action was for recovery on the note here involved and for foreclosure of this identical mortgage. The only distinction between the former action and this one is that the other action was brought for the recovery of a larger balance then unpaid, which included the alleged balance here sued for, and was brought before express maturity of the note, upon the option of mortgagee to declare the entire indebtedness due upon failure to pay the premiums on the insurance policy as collateral security, purported to have been created by the agreement requiring the pro-

curement and payment of premiums on the insurance policy. The effect of the holding and judgment of the United States Circuit Court was that, the insurance policy and the clause in the mortgage requiring the procurement and payment of premiums thereon being void, the option to declare the note due for failure to pay the premiums did not exist; that the note therefore was not due, and the action did not lie. The pivotal or fundamental fact litigated and adjudicated by the federal court in arriving at its judgment in the hearing on the demurrer was the validity of the insurance policy and agreement to procure and pay premiums on it, as being or not being a wager contract and against public policy. It so happens that this is the pivotal and fundamental fact litigated in this action; for, if the policy and agreement to pay premiums on it are against public policy and void, as held by the federal court, the first premium of $846.40 was wrongfully retained by the insurance company, who was also the mortgagee, and there was a partial failure of consideration of the note and mortgage to that extent.

The rule as to the binding effect of an adjudication of a pivotal question of fact and its bearing upon a subsequent presentation of that fact in another action, as distinguished from the effect of a former adjudication of the entire cause of action involved in the subsequent proceeding, is illustrated by Cyc., in comment on actions on installments or successive causes, as follows, to wit:

"Where a series of actions are brought for installments due under a contract, or successive actions, on a continuing or recurring cause, an adjudication in the first action on the fundamental state of fact on which they all rest will be conclusive in the rest, precluding inquiry into such ultimate facts or grounds of recovery." (Emphasis ours.) 23 Cyc. 1295, and note 79.

The effect of an adjudication of a fact, as distinguished from the effect of an adjudication of an entire cause of action, was stated by this court in the case of McDuffie v. Geiser Mfg. Co. et al., 41 Okla. 488, 138 Pac. 1029, as follows:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

This identical language was also used by this court in the case of Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224.

In McCurry v. Sledge, 48 Okla. 27, 149 Pac 1124, this court held that an adjudication by a referee in bankruptcy that a tract of land was the homestead of the bankrupt was conclusive as to the question of the homestead character of the land, as against a claimant in bankruptcy, who subsequently sued the bankrupt for foreclosure of a mortgage upon the same land.

In De Watteville v. Sims, 44 Okla. 708, 146 Pac. 224, this court held that an adjudication by a referee in bankruptcy disallowing a claim in bankruptcy as void because of usury was conclusive proof of such invalidity in a subsequent suit by the claimant against the bankrupt to foreclose a mortgage given to secure the debt.

Following the rule of this court in the above cases, we must hold that the determination by the United States Circuit Court in the former action of the invalidity of the insurance policy and contract to pay premiums thereon is conclusive upon this court in the present action. This being true, it becomes necessary to ascertain the effect of such invalidity upon this cause.

The present suit involved a balance on the note; and defendant, after pleading a general denial and payment, alleged that they had not received that part of the consideration of the note and mortgage represented by the money retained by the insurance company (mortgagee) in payment of the first premium on the policy, and that the money received as the consideration of such note and mortgage had been fully repaid, with the contractual interest. In effect, this was a plea of partial failure of consideration to the extent of the balance sued for.

A partial failure of consideration is a proper defense pro tanto to a suit on a promissory note, except as against an innocent holder in due course of a note which is negotiable. Section 4078, Revised Laws of 1910; Hagan v. Bigler, 5 Okla. 575, 49 Pac. 1011. Also see Capps v. Vasey Bros., 23 Okla. 554, 101 Pac. 1043.

Plaintiff acted as the agent of the mortgagee in the procurement of the note and mortgage, took the assignment thereof after the rendition of the judgment of the federal court hereinabove mentioned, and it is admitted in the reply brief that plaintiff is not an innocent holder.

It being res adjudicata that the insurance policy, and the agreement to pay premiums thereon were contrary to public policy and absolutely void, it follows that the defendants received no benefit from that part of the consideration retained by the insurance company, who was the lender, mortgagee, and insurer, but that such benefit was retained and enjoyed exclusively by the mortgagee. The consideration of the note and mortgage. therefore, failed to the extent of such amount so retained, being the amount here involved. with interest. The evidence established without contradiction that all of the money received by the defendants as consideration of the note and mortgage had been repaid, with interest.

The judgment of the lower court should therefore be affirmed.

By the Court: It is so ordered.