No. 9305.

## LUCERO *v.* COLORADO LIFE INSURANCE COMPANY.

1. EQUITY—*Laches—Rescission of Contracts.* One induced by fraud to purchase corporate stock, must, if he would rescind the contract, act promptly upon discovery of the fraud. One who knowing the fraud practiced upon him in the sale of corporate stock took no action, until after the lapse of two years and the appointment of a receiver for the corporation held too late to demand rescission for his purpose.

2. INSURANCE COMPANY—*Organization—Deposit Required.* Until payment of the deposit required by Rev. Stat. sec. 3117, a company organized as an insurance company has no legal capacity.

The commissioners appointed to organize the company must return to the subscribers for stock, the money received from them, unless the deposit is made.

3. PARTIES—*Necessary Parties.* Although where the payment required by sec. 3117 of the Revised Statutes has never been made, the commissioners appointed to organize the corporation must return to the subscribers for stock, the money received from them, the commissioners will not be ordered to make the payment, in a cause to which they are not a party.

Where the purchaser of stock gave his note for the amount, the court directed that the subscriber should be protected by an injunction restraining the transfer of the note.

*Error to Rio Grande District Court, Hon. A. Watson McHendrie, Judge.*

*Department II.*

Mr. ALBERT L. MOSES, for plaintiffs in error.

Mr. FORREST C. NORTHCUTT and Mr. JESSE G. NORTH-CUTT, for defendants in error.

Opinion by Mr. Justice Denison.

THE plaintiffs brought suit in the District Court of Las Animas county against the Colorado Life Insurance Company and Plested, receiver thereof, stating two causes of action and praying the court to ascertain the exact sum due the receiver on a certain note of $12,000, and that upon the payment of such sum the receiver cancel and surrender the note and the mortgage securing the same.

The first cause was based upon alleged fraud in procuring the note, and the charge was that misrepresentation had been made as to the affairs of the defendant company, stock in which constituted the consideration for one-half the note. The second cause of action was upon neglect or wrongful conduct of the corporation itself, and the receiver, in failing to collect certain notes due the corporation. The case was tried to the court. Upon the evidence of the first cause of action the court found there was no fraud. As to the second cause of action, the court held the facts alleged to be immaterial, excluded testimony concerning the same, and entered a decree for the defendants.

The testimony for the plaintiffs showed that in April 1912, agents of the corporation persuaded the plaintiffs to subscribe for 2,000 shares of stock in the company at $3 per share and to borrow of the company $6,000 and in consideration thereof to give their note for $12,000 dated April 25th, 1912, payable ten years after date, secured by mortgage of even date, on a large amount of ranch land in Costilla county.

The company never did any insurance business. The money, proceeds of the stock which was sold, was wasted, if not worse, and the company shortly became insolvent. No part was paid of the $100,000 required by statute to be paid to the commissioners of Insurance. The plaintiffs

had notice of the condition of affairs at least as early as April, 1913. On the 28th of September, 1913, the receiver was appointed. The plaintiffs took no action but paid interest to the receiver until September 30th, 1915, when they brought this suit. They seek, in effect, to rescind their purchase of stock. If they were to rescind it, it was their duty to act promptly, especially in view of the fact that the company during their delay had become insolvent and its estate was in process of administration by a receiver. *Brown v. Gordon-Tiger Co.,* 44 Colo. 311, 322, 97 Pac. 1042; *Central Life Association v. Mulford,* 45 Colo. 240, 244, 100 Pac. 423.

Their delay was too great to permit rescission.

The court's holding concerning the second cause of action we think is correct.

However, we think that portion of the note the consideration for which was stock in the proposed company never became and could not become the property of the company until $100,000 had been deposited with the commissioner of insurance as required by §3117 R. S. 1908. In *Greiger v. Salzer,* 165 Pac. 240, this court held that the commissioners appointed under that statute were charged with the express duty as trustees to collect the subscription price of stock, preserve it, pay $100,000 of it to the commissioner of insurance and turn the rest over to the company when the company began business; but that if they failed to pay the $100,000 over to the commissioners of insurance, the proposed company could never become a company to do business, and in such case the commissioners must pay back to the subscribers all the money they had received from them. If follows from this, and indeed the opinion in *Greiger v. Salzer* expressly says, that the subscription price of stock is the property of the commissioners and not of the company; and it further follows that the receiver has no interest in that part of this note the consideration of which was stock,—and, since it is the price of stock in a proposed company which has never come into existence,—it must be returned to the

purchasers. We cannot, however, direct that that order be made because the commissioners are not parties hereto, but we think that the plaintiffs should be protected by injunction against the transfer of this note to any innocent purchaser. In this case that is all the relief that can be given them. When the note matures if the commissioners attempt to collect their half of it, the defense justified by the case of *Greiger v. Salzer* can be set up with other defenses, if any. If it becomes necessary to clear plaintiffs' title, some proceeding can be begun against the commissioners.

We do not overlook the fact that the note is made directly to the company, but, under *Greiger v. Salzer,* the company must be regarded as no more than the agent of the commissioners.

The judgment is reversed, with directions to issue the injunction, above suggested, forthwith, and to proceed in accordance with this opinion.

Garrigues, C. J. and Scott, J. concur.

### On Petition for Rehearing.

Denison, J.

The defendants in error move for a rehearing upon the ground that the decision of the court is upon a cause of action or a theory of the case not raised or suggested in the court below.

We do not think the point is well taken. We have merely suggested relief not contemplated below. The facts shown in the complaint and in the proofs compel the conclusion that the funds provided by subscription were the property of the commissioners appointed under the statute. It is these facts that determine the relief to be granted. *Drake v. Bank,* 44 Colo. 49. We think, however, that the defendants in error are right in their claim that the Company and the Receiver have, as *cestuis qui trustent,* an interest in the note, and we do not wish to deprive them of the power of protecting that interest.

Neither do we wish, nor did we intend by our former opinion to deprive the plaintiffs of the right to make the commissioners parties to this proceeding. They may do so and may amend their complaint for that purpose and in other respects, if they desire, and the defendants in error may do likewise.

The defendants in error request us, if we do not grant the rehearing, to make certain directions as to what should be done by the court below. We cannot do this, because in order "to a complete determination of the controversy," the commissioners must be brought in, and they have a right to be heard upon the questions which it is suggested we should determine now, including the question whether one dollar per share or the whole purchase price of the stock or how much should be deducted from the note. The injunction, required in our former opinion, should be until the amount justly due on the note is determined and until the further order of the court.

The decree is reversed and the cause remanded for proceedings not inconsistent with these opinions, and, to the extent here indicated, the former opinion is modified.

On motion for rehearing; rehearing denied and opinion modified.

Decided June 2, A. D. 1919. Rehearing denied October 6, A. D. 1919.