### FRAZIER v. McCARY et al.
### FRAZIER, et al. v. McCARY et al.

Nos. 10564 and 10565. Consolidated.

Opinion Filed May 26, 1925.

**1. Trial—Taking Case from Jury—Lack of Conflicting Evidence.**

It is not error for the trial court to discharge the jury and render judgment upon a question of fact, when there is no conflicting evidence upon such question.

**2. Descent and Distribution—Heirship—Burden of Proof as to Paternity and Legitimacy.**

Where a party asserts the right of inheritance from the father, or through the blood of the father, it is incumbent upon such claimant to produce proof that he was born to such father in lawful wedlock, or present a condition by his proof from which legitimacy will be presumed, or, if born out of wedlock, that the father legitimatized such claimant in some manner known to the law.

**3. Same—Judgment Against Claimant Sustained.**

Record examined; and held, that the plaintiff Frank Frazier failed to establish his right to inherit from his father or through the blood of his father, Simon Frazier; and that the judgments denying the right of Frank Frazier to inherit from his father, or through the blood of his father, should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Frank Frazier, for the use and benefit of Wm. J. Cassidy, against W. N. McCary, John R. Frensley, J. M. Roberson, Stephens County Oil & Development Company, Night & Day Oil Company, Frank F. Jennings, Nellie B. Jennings, Roy M. Johnson, C. R. Rea, H. E. Rawlins, Oklahoma National Life Insurance Company, W. G. Skelly, and W. I. Russell. Judgment for defendants. From the judgment plaintiff appeals. Affirmed. Action by Frank Frazier

and James Patterson against the same defendants. From the judgment plaintiffs appeal. Affirmed.

J. E. Whitehead, for plaintiffs in error.

H. A. Ledbetter and Womack & Brown, for defendants in error.

Opinion by SHACKELFORD, C. The two causes are consolidated for the purpose of disposing of the appeals. In case No. 10564 there are involved certain lands, located in Stephens county, the allotment of Simon Frazier, a Choctaw Indian by blood, and described as follows:

S.W.¼ of N.E.¼ less five acres reserved for townsite of Velma, and E.½ of N.W.¼ less five acres reserved for townsite of Velma, and N.E.¼ of N.W¼ of N.W.¼, and N.½ of N.E.¼ of S.W.¼ of sec. 24, twp. 1 S., rge. 5 W.; and W.½ of S.E.¼, and S.½ of N.E.¼ of S.W.¼, and S.E.¼ of S.W¼ of sec. 24; and N.½ of N.E.¼ of N.W.¼ of sec. 25, twp. 1 S., rge. 5 W.

In case No. 10565 there are involved certain lands located in Stephens county, the allotment of Sissy Frazier, a Choctaw Indian by blood, described as follows:

W.½ of W½ of S.E.¼, and E.½ of S.W.¼, and E.½ of W.½ of S.W.¼ of sec. 30; and N.W.¼ of N.E.¼, and N.½ of N.E.¼ of N.W.¼, and W.½ of N.W.¼ of sec. 31, twp. 1 S., rge. 4 W.

The two cases were tried together, to a jury, and upon the announcement of rest by the respective parties, the trial court discharged the jury and rendered judgment in both cases. Frank Frazier upon his own behalf and for the use and benefit of Wm. J. Cassidy, in the one case, and Frank Frazier and James Patterson, in their own behalf and for the use and benefit of Wm. J. Cassidy, in the other, prosecute appeal against the defendants in the trial court, as defendants in error.

The one question determinative of both appeals is whether or not the trial court erred in his conclusion that Frank Frazier could not inherit from, or through the blood of, Simon Frazier.

Simon Frazier was a full-blood Choctaw Indian, to whom was allotted one of the parcels of land involved here. He died about the time the allotment deeds were issued in his favor, and left him surviving two daughters and a son; Sissy, whose mother was Liney Frazier, deceased, and Malvina and John Frazier, whose mother was Annie Frazier, also deceased. These children were enrolled as Choctaws. Sissy Frazier, daughter of Simon Frazier and Liney Frazier, to whom was allotted the other tract of land, died in 1906, after the allotment deeds were issued to her, unmarried, intestate, and without issue, leaving her surviving of the blood of her father, Malvina Frazier and John Frazier; and two aunts and an uncle of the blood of her mother; Mary Greenwood, Susanna LeFlore, and James Patterson, Frank Frazier was enrolled as a Chickasaw Indian of the quarter blood on the Chickasaw Indian rolls, as 16 years old on the 4th of March, 1906, and was, without doubt, mothered by Rhoda Leader, who was a daughter of Annie Frazier, and who was born to Annie previous to her connection with Simon Frazier, and the father of Rhoda was an Indian by the name of Thomas Leader. Upon the enrollment card it is shown that Simon Frazier was the father of Frank Frazier. Frank Frazier is shown to have been born on the 26th of August, 1889. Rhoda Frazier, mother of Frank Frazier, was enrolled as a Chickasaw Indian of the half-blood, and was reported as 36 years old on the 26th of November, 1906. The evidence introduced tends to prove that Annie Frazier died sometime between 1893 and 1898; and that during many previous years and up until her death, she and Simon Frazier were living together as husband and wife.

Frank Frazier's right to inherit from Simon Frazier his allotment, or an interest in it, or right to inherit through Simon Frazier an interest in the allotment of Sissy Frazier, daughter of Simon Frazier, depends entirely upon whether Frank Frazier is a legitimate son of Simon Frazier, or was legitimatized by Simon Frazier by some means known to the law. There is proof in the record which tends to show that Simon Frazier was the father of Frank Frazier. Upon the matter of the enrollment of Frank Frazier, the Indian Department took evidence, and such evidence tends to show that Simon Frazier and Rhoda Frazier were the parents of Frank Frazier, but they were never married. Simon Frazier himself testified upon that hearing that he was the father of Frank Frazier, but that he and Rhoda, the mother of Frank, were never married. Upon the evidence taken by the Indian Department, the Indian Commissioner found that Frank Frazier was the illegitimate child of Rhoda Frazier, a Chickasaw Indian, and that he should be enrolled as a Chickasaw Indian, and this was accordingly done. The date of the decision of the Indian Commissioner is December 31, 1906. It seems quite clear, from all the evidence, that Simon Frazier and

Annie Frazier, the mother of Rhoda Leader, were husband and wife by Indian custom marriage, since Rhoda was a small child up until the date of Annie's death, which must have occurred sometime between 1893 and 1898, or several years after Frank Frazier was born to Rhoda Frazier. It is also clear that although Simon Frazier was the father of Frank Frazier, he and Rhoda were never married either by law or by Indian custom. Up until the death of Annie Frazier, there was an impediment preventing Simon Frazier from contracting any kind of marriage relation with Rhoda Frazier. Simon Frazier testified before the Indian Commissioner that in 1896 Rhoda was going by the name of Rhoda Leader, and was unmarried; but afterwards married Dixon Frazier, so that at the time he was testifying, in November, 1905, she was going by the name of Rhoda Frazier. This change of name from Rhoda Leader to Rhoda Frazier seems plainly to have come about because she was the wife of Dixon Frazier, and not because she was the wife of Simon Frazier. Simon Frazier seems not to have said anything about having married Rhoda, except he said she was unmarried, but the effect of his testimony was that about six years after Frank Frazier was born, Rhoda ran away from his house and married Dixon Frazier. This must have been a year or two after the death of Annie. It seems also clear that since 1882 the Choctaw Indians did not recognize polygamous marriages. To insist that Frank Frazier was born in wedlock is to insist that Simon Frazier had two wives at the same time; for it seems certain that Annie was his wife and was living with Simon as his wife in 1889, when Frank Frazier was born to Rhoda Leader, the daughter of Annie. So, unless Simon Frazier and Rhoda Leader were married after the death of Annie they were never married. All of the witnesses testify to the effect that Simon Frazier and Rhoda Leader or Frazier, were not married. The history of the family, as we gather from the record, is, in short, that Annie was the mother of Rhoda by another man, when she married Simon Frazier; and Rhoda grew up to womanhood in the family of Simon and her mother and in 1889 Frank Frazier was born to Rhoda. It seems that for a considerable time Simon Frazier had been blind, and in his travels around over the country he took Rhoda with him to lead him. The boy Frank was born while Simon Frazier had Annie for a wife, and who remained his wife until her death in 1895 or 1896, or it might have been as late as 1898. None of the witnesses seem to know. But

it was several years after the birth of Frank. After the death of Annie, Simon still kept Rhoda in his home and took her around with him in his travels, and several of the witnesses say that they lived together like husband and wife. Two or three years, more or less, after her mother's death, Rhoda ran away from the home of Simon Frazier, and married Dixon Frazier.

There seems to be little or no doubt that Simon Frazier was the father of Frank Frazier. But, none of the witnesses testify that Simon and Rhoda were ever married. The undisputed evidence is that they were never married; although it seems that for several years before Annie's death, and for a short period after his death, Simon and Rhoda lived together like they would have lived had they been married—at least when they were out traveling around. Just how they lived in the home of Simon, particularly before Annie's death, none of the witnesses seem to know.

It seems clear from all the evidence that in 1882, about seven years before Frank Frazier was born, the Choctaw Indians adopted a law that did away with polygamous marriages, and also Indian custom marriages; and required that Choctaw marriages be by ceremony either by a judge or by a preacher, and after that Choctaw Indians did not recognize polygamy or Indian custom marriages. There is an entire lack of evidence that Simon Frazier adopted or legitimatized Frank Frazier according to Choctaw or any other form of law so as to make Frank his heir. The finding of the trial judge was that Frank Frazier is the illegitimate child of Rhoda Frazier, and that Frank Frazier could not take by inheritance from, or through the blood of, Simon Frazier. The testimony upon this point is all one way. Simon Frazier was not competent to form a marriage relation with any woman at the time Frank Frazier was born in 1889, because at that time Annie was his wife, and she and Simon were living together at that time and continued to live together until Annie's death which occurred possibly as late as 1898. That Frank Frazier was not born in lawful wedlock seems to be certain from this record. It is just as certain that after Annie's death there was no ceremonial marriage between Simon and Rhoda, and Indian custom marriages were not recognized by the Choctaws after 1882. Whatever might have been the conduct of Simon and Rhoda, it seems that Rhoda herself did not think herself to be the wife of Simon for soon after the death of her mother, she left the home of her

step-father, Simon Frazier, and married Dixon Frazier according to law, and lived with him until her death. Unless Frank Frazier had been born to Simon and Rhoda in lawful wedlock, or Simon, in some lawful manner had made Frank his heir, Frank could not inherit from, or through the blood of, Simon Frazier. Upon the whole record, there is nothing to establish either legitimate birth or legitimation under any form, or in any manner, known to the law. That being true, there was nothing upon this important question of fact, to submit to the jury for its determination. It was incumbent upon Frank Frazier to establish that he was born the legitimate child of Simon Frazier, or show a condition from which legitimacy would be presumed, or, that he was afterwards legitimatized by Simon Frazier according to law. He did not produce evidence creating a conflict on any one of these propositions.

It was not error to take the case from the jury, when there was no conflict in the evidence. The conclusion that Frank Frazier was the illegitimate child of Rhoda Frazier is supported by all the evidence upon that controlling point.

We have examined the whole record, and find no error justifying or requiring a reversal of the judgments appealed from.

We, therefore, recommend that the judgments be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1515. (2) 18 C. J. p. 872. (3) 18 C. J. p. 874.