## MENKEMELLER v. CITIZENS NAT. BANK OF CHICKASHA.

No. 19020. Opinion Filed March 18, 1930.

O'Connor, Holden & Cobb, for plaintiff in error.

Massingale & Duff, for defendant in error.

FOSTER, C. This appeal is from the district court of Tulsa county. The Citizens National Bank of Chickasha secured a judgment against Clint C. Steinberger and William Menkemeller on a promissory note dated November 29, 1926, due 30 days from date, for the sum of $2,632.43. From this judgment the defendant Menkemeller alone appeals. The parties will be referred to as they appeared in the trial court.

On November 24, 1924, the defendant Clint Steinberger became indebted to the plaintiff on a note in the sum of $3,300, due six months after date. This note was secured by an assignment of an interest in an oil and gas lease owned by Steinberger, and certain stocks. The note was not paid at maturity, which was May 24, 1925, and certain pay-

ments were thereafter made, and on November 1, 1925, there remained a balance of $2,854. The plaintiff was threatening to sue Steinberger and foreclose his interest in the oil and gas lease and sell the stock, but agreed to extend further time if he would furnish additional security. The defendant Menkemeller, and one Wiley, also owned undivided interests in the same oil and gas lease in which Steinberger had pledged his undivided interest. The interest of Menkemeller, however, was not pledged to secure the debt.

On November 1st a new note was executed by Steinberger, indorsed by Menkemeller, and due within six months; the consideration of the note being the extension by plaintiff of Steinberger's indebtedness. Certain payments were made on this note before due, and on November 29, 1926, a new note was executed by Steinberger and Menkemeller for $2,632.43, due within 30 days, which is the note sued upon.

The only question presented by this appeal is stated in the brief of plaintiff in error, as follows:

"Whether or not the forbearance of the plaintiff bank to pursue its valueless right of action against Steinberger, who was destitute of assets, would constitute a consideration for the assumption by Menkemeller of Steinberger's debt, for which he was not otherwise liable."

Under this assignment it is contended by defendant, plaintiff in error, that there was no consideration for Menkemeller becoming surety. This contention is based upon the alleged fact that, at the time Menkemeller became surety, Steinberger was without assets and was absolutely insolvent. Defendant relies chiefly upon the case of Bradstreet v. Crosbie, 123 Okla. 269, 253 Pac. 63, in which case it was held that "the forbearance to pursue a valueless right of action against an insolvent corporation destitute of assets, cannot constitute a consideration for the assumption by a third party of a debt for which he was not otherwise liable." We do not think this case in point, and believe that, under the facts here presented, even if it were shown that Steinberger was without assets and absolutely insolvent, there would still be a consideration sufficient to bind the surety.

It is well settled that an agreement to forbear to sue on a debt is a sufficient consideration to support a contract of suretyship; and the extension of the debt, when due for 30 days or more, constitutes a sufficient consideration. Linton v. Chestnutt-Gibbens Gro-

cer Co., 30 Okla. 103, 118 Pac. 385; Gate City Nat. Bank v. Elliott (Mo.) 181 S. W. 25; Hooper v. Pike (Minn.) 72 N. W. 879; 8 C. J. 220-221, sec. 355.

Assuming, without deciding, that the absolute insolvency of Steinberger and a showing that his note was worthless would relieve Menkemeller from liability as surety, we believe under the record in the instant case there is no sufficient showing that Steinberger's note, before Menkemeller signed it was absolutely worthless. But, on the contrary, the record supports a finding that the note was a valuable one.

The court made findings of fact, one of which was as follows:

"That at the time the note of November 1, 1925, was taken, this being the first note signed by Menkemeller, the note of Steinberger 'was not worthless, but was a valuable note.' At that time Steinberger had very little, if any, property subject to execution, but he was a good moral risk, his earning capacity was fairly good, and he was paying his indebtedness so far as he could. He acknowledged the liability of the indebtedness and paid a portion of it prior to the time the note sued upon was executed. So far as the evidence shows, Steinberger is and was at said time absolutely honest and capable of paying his obligations by giving him a reasonable time therefor."

We think this finding is supported by the record. Steinberger testified that he had some equity in certain property, which was not denied, and after Menkemeller signed as surety, he reduced his indebtedness by certain small payments. Without going into detail, we think there is ample evidence reasonably tending to support the finding of the trial court as above set out, and, under the well-recognized rule in this state, the same will not be set aside by this court on appeal.

The defendant further relies upon several cases, to the effect that where a widow gives a note in settlement of a debt against her deceased husband, or in settlement of a judgment of her deceased husband, where it is not collectible against the estate, there is no consideration for such note. But cases of this nature are not in point.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.