## MORAN v. SECURITY BANK & TRUST CO.

No. 27061.   Sept. 14, 1937.

Rehearing Denied Nov. 2, 1937.

Amil H. Japp, for plaintiff in error.

Munson & Bledsoe and Fullerton & Fullerton, for defendant in error.

PHELPS, J.   This was an action on a promissory note. The trial judge directed a verdict for the plaintiff, and the defendant appeals.

The only defense alleged in the answer was failure of consideration. The evidence which it is contended supported such defense is that a note had been owing to the plaintiff bank by the defendant's father and had been due and unpaid some while; that after the father's death the defendant executed a note to the plaintiff in consideration of the plaintiff surrendering to her the note which had formerly been owing by her father, and also advanced her certain cash at the time; in other words, the amount owing on the note by her father, plus the amount which the bank loaned her in cash, made up the face amount of the note which she signed. She failed to pay that note, and gave the plaintiff bank a renewal note therefor. She likewise failed to pay the renewal note, and as many as six renewal notes were made by her to the plaintiff. The present suit was on the last of said renewal notes.

The defendant contends that there was a lack of consideration to the extent of the amount represented by her father's unpaid note. Partial failure of consideration is a good defense pro tanto to an action on a note, except as against an innocent holder in due course. Deming Inv. Co. v. Shannon, 62 Okla. 277, 162 P. 471; section 11327, O. S. 1931. The evidence supporting the defense of partial lack of consideration was the defendant's uncontradicted testimony that her father had left no estate, and that therefore there was no estate to probate, and she reasons from this that the portion of her note represented by the taking up of her father's note, after his death, was without consideration, in that the note was a thing of no value, since the

bank could not have collected it. Let us for the sake of reasoning, and without deciding the point, assume the correctness of her theory, that is, that there was a partial failure of consideration for the first note which she executed to the bank. Even with such assumption, we are still in a situation whereunder it must be held that as a matter of law the trial court was correct in directing the verdict for plaintiff.

It is the settled law in this state that the defense of partial failure of consideration is waived by the giving of a renewal note. Farmers' State Bank, etc., v. Harrington, 98 Okla. 293, 225 P. 705; Bank of Union v. Hungerford, 111 Okla. 225, 239 P. 252; Security Nat. Bank of Tulsa v. Bohnefeld, 131 Okla. 66, 267 P. 631. In the latter decision, following the language in prior decisions, we said in the second syllabus:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of consideration for the original note, or false representations by the payee or his agent in procuring such note, waives such defense and cannot set it up to defeat a recovery on the renewal note. * * *"

See, also, 8 C. J. 444, and Defenses to Commercial Paper, by Joyce, sec. 362. There is no dispute that the note in suit was the sixth renewal note executed by the defendant.

The defendant further urges that the pleadings did not justify the reception of the evidence that the note in suit was the last of a series of renewal notes. But the evidence was introduced and heard without objection, and the rule is, as laid down in St. Louis-S. F. Ry. Co. v. Simmons, 116 Okla. 126, 242 P. 151:

"Where the trial proceeds on the theory that certain matters are within the issues raised by the pleadings in the case, and evidence is introduced as to such issues without objection, the petition will be regarded as amended so as to conform to the evidence introduced, and if there is evidence reasonably tending to support the judgment, it will be sustained on appeal in all respects as if the judgment were based upon issues raised by the pleadings in the first instance."

It follows that the judgment should be affirmed. It is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, J., absent.