## KELLY v. CITIZENS-FARMERS NAT. BANK OF CHICKASHA.

No. 27880. March 22, 1938.

Sam L. Wilhite, for plaintiff in error.

D. M. Cavaness, for defendant in error.

GIBSON, J. The defendant in error sued Breckenridge, Thomas and Kelly in the district court of Caddo county on a promissory note. At the conclusion of all the evidence the court on motion of the plaintiff below withdrew the case from the jury and rendered judgment in accordance with the prayer of the petition. Kelly alone has appealed.

The parties are referred to herein either by name or designated according to their appearance at the trial.

The error charged is the aforesaid action of the court in taking the case from the jury and rendering judgment for the plaintiff.

Kelly's defense was fraud and want of consideration. But the defense of fraud has apparently been abandoned, for it is neither urged in the briefs nor shown therein to be supported by evidence in the record.

The note sued upon was executed by Breckenridge as principal and Thomas and Kelly as sureties, and was given in renewal of a like note then due. Defendant takes the position that the first note executed was signed by him merely as collateral to a debt already owing from Breckenridge to the plaintiff, and that no independent consideration passed to him for executing the note, and the same for that reason did not constitute a debt and was not binding as to him, and, since there existed no debt against him to be renewed, the note sued upon given in renewal of the former note was, as to him, without consideration and invalid.

The evidence shows that the first note signed by Kelly was given to the plaintiff by Breckenridge to renew a former note then due from the latter to the plaintiff. The facts necessary to establish Kelly's liability thereon as surety or accommodation maker were left somewhat uncertain under the evidence produced. But it is shown without contradiction that the first note signed by Kelly was valid as to Breckenridge. The evidence further shows without contradiction that plaintiff accepted the note sued upon in extension of the debt evidenced by the former, and that the same was accepted on the strength of Kelly's signature. The question arises: Was there any evidence of a valid defense sufficient to warrant submission of the cause to the jury?

We agree with defendant that a contract of suretyship or guaranty, in order to be valid without an independent consideration of its own, must ordinarily be executed contemporaneously with the contract between the principal and creditor. If so executed, the consideration moving to the principal is sufficient to bind the surety, but, if made after the consideration between principal and creditor has passed and their contract executed, and if said contract of the surety was no part of the inducement to the creation of the original debt, there must be a new and independent consideration to support the contract of the surety. Bank of Carrollton v. Latting, 37 Okla. 8, 130 P. 144; Bank of Commerce v. Webster, 70 Okla. 68, 172 P. 943; First Nat. Bank v. Allen, 88 Okla. 162, 212 P. 597.

Here there was a debt, the debt was due, and there was a note given to extend the same. The defendant, as a party thereto, but without personal consideration, signed as surety for the debt. The antecedent or pre-existing debt for which the note was given constituted value and a sufficient consideration to support it as between the principal and creditor. Section 11324, O. S. 1931. In accepting the new note and surrendering the old, the plaintiff renounced its legal right to demand payment and sue upon the latter. In doing so it waived a legal right, if not, perhaps, as against defendant Kelly, certainly as to the principal, Breckenridge. This constituted a valid present consideration passing to Breckenridge concurrently with the execution of the note sued upon. Section 9440, O. S. 1931. Forbearance in the prosecution of a legal claim constitutes sufficient consideration for a contract. Hayes v. Smith, 65 Okla. 113, 164 P. 470. The legal detriment thereby suffered by the promisee in a contract is sufficient, and it is not necessary that a benefit should accrue to the one making the promise. Ball v. White, 50 Okla. 429, 150 P. 901. Here the defendant Kelly made the promise. It was supported by the legal right waived by plaintiff in favor of Breckenridge. Whether Kelly was actually bound by the first note is of no material significance in this action. Our conclusion is in accord with the decision in Moran v. Security Bank & Trust Co., 181 Okla. 181, 72 P.2d 814; Linton v. Chestnutt-Gibbons Grocer Co., 30 Okla. 103, 118 P. 385; Men-

kemeller v. Citizens Nat. Bank, 142 Okla. 230, 286 P. 907.

Without conflict, the evidence showed a valid consideration for defendant's promise. The trial court therefore committed no error. Frazier v. McCary, 110 Okla. 138, 236 P. 880.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.